United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---------------------

No. 05-20329

---------------------

PETROBRAS AMERICA INC

                    Plaintiff - Appellant

     v.

UNION OIL COMPANY OF CALIFORNIA; UNOCAL CORPORATION; DAN
GREATHOUSE

                    Defendants - Appellees


CONSOLIDATED WITH

---------------------

No. 05-20629

---------------------

PETROBRAS AMERICA INC

                    Plaintiff - Appellee

     v.

UNION OIL COMPANY OF CALIFORNIA; UNOCAL CORPORATION; DAN
GREATHOUSE

                    Defendants - Appellants

-------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
No. 4:04-CV-1894
-------------------------------------------------

Before KING, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Petrobras America Inc. appeals the district court's conclusion, memorialized in its Memorandum and Order entered December 20, 2004, that defendants-appellees Union Oil Company of California, Unocal Corporation, and Dan Greathouse (collectively, "Unocal") properly removed this case from state court. For the reasons cogently set out in the Memorandum and Order, we agree with the district court that (i) Petrobras' claims arise out of and are in connection with the parties' drilling operations on the Outer Continental Shelf and therefore fall within the Outer Continental Shelf Lands Act's jurisdictional grant, 43 U.S.C. § 1349(b)(1)(A), (ii) the district court thus has original subject matter jurisdiction satisfying the condition to removal set out in 28 U.S.C. § 1441(a), and (iii) Petrobras' claims arise under federal law satisfying the condition to removal set out in 28 U.S.C. § 1441(b).

Petrobras also appeals the district court's grant of summary judgment to Unocal. Again, the district court's reasons for granting summary judgment are clearly set out in its Memorandum and Order entered March 23, 2005, which we cannot improve upon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petrobras' claim to an option on the 723 Lease directly relates to and is dependent upon drilling of the Test Well and therefore necessarily implicates the merger clause in the Well Participation Agreement covering the 678 Lease, precluding reliance on parol evidence to prove that the parties had an antecedent or contemporaneous Overarching Agreement granting Petrobras additional rights in consideration for drilling the Test Well. See Omnitech Int'l, Inc. v. Clorox Co., 11 F.3d 1316, 1328-29 (5th Cir. 1994). Further, the actual parol evidence relied upon by Petrobras for the breach of contract claim does not show that the parties had a binding agreement for the option on the 723 Lease that would satisfy the Louisiana statute of frauds. Finally, the merger clause is also fatal to Petrobras' promissory fraud, negligent misrepresentation and detrimental reliance claims because it renders Petrobras' reliance on extra-contractual representations unreasonable as a matter of law.

The district court denied Unocal's motion for attorneys' fees on the basis that the suit was brought not "for the enforcement of the WPA" but rather for the enforcement of the alleged Overarching Agreement. For the reasons set out in its Order entered June 27, 2005, we agree.

The Final Judgment of the district court entered March 23, 2005, and the Order entered June 27, 2005, are AFFIRMED. Petrobras shall bear the costs in No. 05-20329, and Unocal shall bear the costs in No. 05-20629.